MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
ZURICH CARLOTA JIMENEZ, *individually*
*and on behalf of others similarly situated,*

Plaintiff,

-against-

GRAND GIFTS & CAFE INC.  (D/B/A
GRAND GIFT CAFE) and SAVVAS
TSIATTALOS ,

Defendants.
------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Zurich Carlota Jimenez ("Plaintiff Jimenez" or "Ms. Jimenez"), individually and on behalf of others similarly situated, by and through her attorneys, Michael Faillace & Associates, P.C., upon her knowledge and belief, and as against Grand Gifts & Cafe Inc. (d/b/a Grand Gift Cafe), ("Defendant Corporation") and Savvas Tsiattalos, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1.      Plaintiff Jimenez is a former employee of Defendants Grand Gifts & Cafe Inc. (d/b/a Grand Gift Cafe) and Savvas Tsiattalos.

2.       Defendants own, operate, or control a gift shop and coffee shop, located  at 1650 Grand Concourse, Bronx, NY 10457 under the name "Grand Gift Cafe".

3.      Upon information and belief, individual Defendant Savvas Tsiattalos , serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the gift shop as a joint or unified enterprise.

4.      Plaintiff Jimenez was employed as a storekeeper at the gift shop located at 1650 Grand Concourse, Bronx, NY 10457.

5.      At all times relevant to this Complaint, Plaintiff Jimenez worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that she worked.

6.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Jimenez appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7.      Further, Defendants failed to pay Plaintiff Jimenez the required "spread of hours" pay for any day in which she had to work over 10 hours a day.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Jimenez wages on a timely basis.

9.      Defendants' conduct extended beyond Plaintiff Jimenez to all other similarly situated employees.

10.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Jimenez and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

11.     Plaintiff Jimenez now brings this action on behalf of herself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et*

*seq*. and 650 *et seq*. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12.     Plaintiff Jimenez seeks certification of this action as a collective action on behalf of herself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Jimenez's state law claims under 28 U.S.C. § 1367(a).

14.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a gift shop and coffee shop located in this district. Further, Plaintiff Jimenez was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15.     Plaintiff Zurich Carlota Jimenez ("Plaintiff Jimenez" or "Ms. Jimenez") is an adult individual residing in Bronx County, New York.

16.     Plaintiff Jimenez was employed by Defendants at Grand Gift Cafe and Grand Cafe from approximately February 2014 until on or about December 21, 2020.

17.     Plaintiff Jimenez consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

18.     At all relevant times, Defendants owned, operated, or controlled a gift shop and coffee shop, located at 1650 Grand Concourse, Bronx, NY 10457 under the name "Grand Gift Cafe".

19.     Upon information and belief, Grand Gifts & Cafe Inc. (d/b/a Grand Gift Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 1650 Grand Concourse, Bronx, NY 10457.

20.     Defendant Savvas Tsiattalos  is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Savvas Tsiattalos  is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Savvas Tsiattalos  possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Jimenez, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

21.     Defendants operate a gift shop and coffee shop located in the Morris Heights section of the Bronx in New York City.

22.     Individual Defendant, Savvas Tsiattalos, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

23.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

24.     Each Defendant possessed substantial control over Plaintiff Jimenez's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Jimenez, and all similarly situated individuals, referred to herein.

25.     Defendants jointly employed Plaintiff Jimenez (and all similarly situated employees) and are Plaintiff Jimenez's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

26.     In the alternative, Defendants constitute a single employer of Plaintiff Jimenez and/or similarly situated individuals.

27.     Upon information and belief, Individual Defendant Savvas Tsiattalos operates Defendant Corporation as either an alter ego of himself and/or failed to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

a)   failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)   defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)   transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for his own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of his own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

28.     At all relevant times, Defendants were Plaintiff Jimenez's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Jimenez, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Jimenez's services.

29.     In each year from 2015 to 2020, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

30.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the gift shop on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

31.     Plaintiff Jimenez is a former employee of Defendants who was employed as a storekeeper.

32.     Plaintiff Jimenez seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Zurich Carlota Jimenez*

33.    Plaintiff Jimenez was employed by Defendants from approximately February 2014 until on or about December 21, 2020.

34.    Defendants employed Plaintiff Jimenez as a store keeper.

35.    Plaintiff Jimenez regularly handled goods in interstate commerce, such as food and drinks and other supplies produced outside the State of New York.

36.    Plaintiff Jimenez's work duties required neither discretion nor independent judgment.

37.    Throughout her employment with Defendants, Plaintiff Jimenez regularly worked in excess of 40 hours per week.

38.    From approximately August 2015 until on or about March 2020, Plaintiff Jimenez worked from approximately 8:00 a.m. until on or about 4:00 p.m., Mondays through Fridays and from approximately 11:00 a.m. until on or about 8:00 p.m., on Saturdays (typically 49 hours per week).

39.    However, for approximately 2 months in 2016, Plaintiff Jimenez worked from approximately 8:00 a.m. until on or about 8:00 p.m., Mondays through Saturdays (typically 72 hours per week).

40.    From approximately March 2020 until on or about December 21, 2020, Plaintiff Jimenez worked from approximately 9:00 a.m. until on or about 6:00 p.m., Monday through Friday (typically 45 hours per week).

41.    Throughout her employment, Defendants paid Plaintiff Jimenez her wages in a combination of check and cash.

42.    From approximately August 2015 until on or about 2018, Defendants paid Plaintiff Jimenez $12.75 per hour for the first 40 hours and $10 per hour in cash for overtime hours.

43.     From approximately January 2019 until on or about December 2019, Defendants paid Plaintiff Jimenez $15 per hour for the first 40 hours and $10 per hour in cash for overtime hours.

44.     From approximately January 2020 until on or about December 21, 2020, Defendants paid Plaintiff Jimenez $15 per hour for the first 40 hours and $10 per hour in cash for overtime hours.

45.     Plaintiff Jimenez's pay did not vary even when she was required to stay later or work a longer day than her usual schedule.

46.     For example, Defendants required Plaintiff Jimenez to work an additional 30 minutes past her scheduled departure time every day, and did not pay her for the additional time she worked.

47.     Plaintiff Jimenez was not required to keep track of her time, nor to her knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected her actual hours worked.

48.     On a number of occasions, Defendants required Plaintiff Jimenez to sign a document, the contents of which she was not allowed to review in detail.

49.     In addition, in order to get paid, Plaintiff Jimenez was required to sign a document in which Defendants misrepresented the hours that she worked per week.

50.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Jimenez regarding overtime and wages under the FLSA and NYLL.

51.     Defendants did not provide Plaintiff Jimenez an accurate statement of wages, as required by NYLL 195(3).

52.     In fact, Defendants adjusted Plaintiff Jimenez's paystubs so that they reflected inaccurate wages and hours worked.

53.     Defendants did not give any notice to Plaintiff Jimenez, in English and in Spanish (Plaintiff Jimenez's primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Jimenez (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

55.     Plaintiff Jimenez was a victim of Defendants' common policy and practices which violate her rights under the FLSA and New York Labor Law by, *inter alia*, not paying her the wages she was owed for the hours she worked.

56.     Defendants' pay practices resulted in Plaintiff Jimenez not receiving payment for all his hours worked, and resulting in Plaintiff Jimenez's effective rate of pay falling below the required minimum wage rate.

57.     Defendants habitually required Plaintiff Jimenez to work additional hours beyond her regular shifts but did not provide her with any additional compensation.

58.     Defendants' time keeping system did not reflect the actual hours that Plaintiff Jimenez worked.

59.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

60.     On a number of occasions, Defendants required Plaintiff Jimenez to sign a document the contents of which she was not allowed to review in detail. Defendants required Plaintiff Jimenez

to sign a document that reflected inaccurate or false hours worked. Defendants paid Plaintiff Jimenez her wages in a combination of check and cash.

61.    Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Jimenez (and similarly situated individuals) worked, and to avoid paying Plaintiff Jimenez properly for her full hours worked.

63.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Jimenez and other similarly situated former workers.

65.    Defendants failed to provide Plaintiff  Jimenez and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66.    Defendants failed to provide Plaintiff Jimenez and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67.      Plaintiff Jimenez brings her FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

68.      At all relevant times, Plaintiff Jimenez and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

69.      The claims of Plaintiff Jimenez stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70.      Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

71.     At all times relevant to this action, Defendants were Plaintiff Jimenez's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Jimenez (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

72.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74.     Defendants failed to pay Plaintiff Jimenez (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75.     Defendants' failure to pay Plaintiff Jimenez (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

76.     Plaintiff Jimenez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77.     Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

78.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Jimenez (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79.     Defendants' failure to pay Plaintiff Jimenez (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80.     Plaintiff Jimenez (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

81.      Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

82.     At all times relevant to this action, Defendants were Plaintiff Jimenez's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Jimenez, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

83.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Jimenez less than the minimum wage.

84.     Defendants' failure to pay Plaintiff Jimenez the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85.     Plaintiff Jimenez was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

86.      Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

87.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Jimenez overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88.     Defendants' failure to pay Plaintiff Jimenez overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Jimenez was damaged in an amount to be determined at trial.

**FIFTH CAUSE OF ACTION**

**VIOLATION OF THE SPREAD OF HOURS WAGE ORDER**

**OF THE NEW YORK COMMISSIONER OF LABOR**

90.      Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants failed to pay Plaintiff Jimenez one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Jimenez's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

92.     Defendants' failure to pay Plaintiff Jimenez an additional hour's pay for each day Plaintiff Jimenez's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

93.     Plaintiff Jimenez was damaged in an amount to be determined at trial.

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE NOTICE AND RECORDKEEPING**

**REQUIREMENTS OF THE NEW YORK LABOR LAW**

94.      Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

95.      Defendants failed to provide Plaintiff Jimenez with a written notice, in English , containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

96.      Defendants are liable to Plaintiff Jimenez in the amount of $5,000, together with costs and attorneys' fees.

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF THE WAGE STATEMENT PROVISIONS**

**OF THE NEW YORK LABOR LAW**

97.      Plaintiff Jimenez repeats and realleges all paragraphs above as though fully set forth herein.

98.      With each payment of wages, Defendants failed to provide Plaintiff Jimenez with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

99.     Defendants are liable to Plaintiff Jimenez in the amount of $5,000, together with costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION

### VIOLATION OF THE TIMELY PAYMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

100.     Plaintiff Jimenez repeats and realleges all paragraphs above as though set forth fully herein.

101.     Defendants did not pay Plaintiff Jimenez on a regular weekly basis, in violation of NYLL §191.

102.     Defendants are liable to Plaintiff Jimenez in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jimenez respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Jimenez and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Jimenez and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Jimenez's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Jimenez and the FLSA Class members;

(f)     Awarding Plaintiff Jimenez and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Jimenez and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Jimenez;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Jimenez;

(j)     Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Jimenez;

(k)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Jimenez's compensation, hours, wages and any deductions or credits taken against wages;

(l)     Declaring that Defendants' violations of the provisions of the NYLL and the spread of hours wage order are willful as to Plaintiff Jimenez;

(m)     Awarding Plaintiff Jimenez damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Jimenez damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Jimenez liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Jimenez and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Jimenez and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Jimenez demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       September 9, 2021

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:     _____/s/ Michael Faillace_____
        Michael Faillace [MF-8436]

60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510                                                                      Telephone: (212) 317-1200
New York, New York 10165                                                                       Facsimile: (212) 317-1620

———

Faillace@employmentcompliance.com

June 10, 2021

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                           Zurich Carlota Jimenez

Legal Representative / Abogado:     Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                               10 de junio 2021

*Certified as a minority-owned business in the State of New York*