# EXHIBIT E

# Mutual Agreement to Arbitrate Employment-Related Disputes (NY)

This Mutual Agreement to Arbitrate Disputes ("**Agreement**") is made and entered into as of           (the "**Effective Date**") by and between Grand Gifts, Inc., a corporation of the State of New York, including its present and future parents, subsidiaries, affiliates, successors, and assigns (collectively, the "**Employer**") and                              , an individual (the "**Employee**") (the Employer and the Employee are collectively referred to herein as the "**Parties**").

1. Intent of the Agreement. It is the intent of Parties to resolve all disputes, claims, and any other matters arising out of or relating to the Employee's employment by the Employer or termination of employment by binding private arbitration in accordance with the provisions of this Agreement. The Parties understand that by entering into this Agreement **THE EMPLOYEE AND THE EMPLOYER ARE GIVING UP THE RIGHT TO A JURY TRIAL OR TO FILE A LAWSUIT IN COURT AGAINST THE OTHER, AND THE RIGHT TO BRING A CLASS OR COLLECTIVE ACTION AGAINST THE OTHER IN COURT OR IN ARBITRATION,** regarding any claims covered by this Agreement.

2. Mandatory Arbitration. In exchange for the mutual promises contained in this Agreement, and as a condition of Employee's continued employment with Employer, and for other consideration for the agreement, if any, Employer and Employee agree that:

    (a) any and all "**Covered Claims**" (as defined in Section 3 below) shall be submitted to and resolved by final and binding arbitration to be held in New York, New York before a single arbitrator and administered by and in accordance with the American Arbitration Association ("**AAA**") Employment Rules applicable at the time the arbitration is commenced, except as modified by this Agreement. A copy of the current version of said Employment Rules is attached as Exhibit "A". The Rules may be amended from time to time and are also available online at www.adr.org. The Employee can also call the AAA at 212-484-3266 with any questions about the arbitration process. If the AAA Rules are inconsistent with the terms of this Agreement, the terms of this Agreement shall govern. If the AAA is unavailable, the Parties agree to binding arbitration before JAMS pursuant to its Employment Rules;

    (b) the Arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, formation, or enforceability of this Agreement, including but not limited to the arbitrability of any dispute between the parties, except for a dispute regarding the enforceability or scope of the waiver in Section 5, which shall be determined by a court of competent jurisdiction; and

    (c) the Arbitrator's decision shall be final and binding only on the Parties to this Agreement and the Parties agree that awards deciding issues for similarly situated employees will have no preclusive effect in any arbitration between the Parties; and

    **(d)** the Arbitrator shall have no power to award punitive damages to either party, except where an applicable statute allows for punitive damages.

3. <u>Covered Claims</u>. Except as provided in Section 4, "Covered Claims" under this Agreement shall include all past, current, and future grievances, disputes, claims, or causes of action that otherwise could be brought in a federal, state, or local court or agency under applicable federal, state, or local laws, arising out of or relating to the Employee's employment with the Employer, including claims arising out of or related to the Employee's hiring, recruitment, and termination of employment, and including claims the Employee may have against the Employer or its officers, directors, supervisors, managers, employees, or agents in their capacity as such or otherwise, or that the Employer may have against the Employee. "Covered Claims" include, but are not limited to, claims for breach of any contract or covenant (express or implied), tort claims, claims for wages, or other compensation due, claims for wrongful termination (constructive or actual), claims for discrimination, harassment, or retaliation (including, but not limited to, harassment or discrimination based on age, race, color, religion, creed, national origin including ancestry, ethnicity, sex including pregnancy, gender, gender identity or expression, including status as a transgender individual, physical or mental disability, including gender dysphoria and similar gender-related conditions, alienage or citizenship status, military status, including past, current, or prospective service in the uniformed services, genetic information, predisposing genetic characteristics, marital status, domestic violence victim status, familial status, sexual orientation, including actual or perceived heterosexuality, homosexuality, bisexuality, and asexuality , unemployment status, caregiver status, partnership status, credit history, or any other trait or characteristic protected by federal, state, or local law, claims for violation of any federal, state, local or other governmental law, statute, regulation, or ordinance, including, but not limited to, all claims arising under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act, the Family and Medical Leave Act, the Fair Labor Standards Act, the Equal Pay Act, the Employee Retirement Income Security Act, the Civil Rights Act of 1991, Section 1981 of U.S.C. Title 42, the Worker Adjustment and Retraining Notification Act, the Age Discrimination in Employment Act, the Fair Credit Reporting Act, the Uniform Services Employment and Reemployment Rights Act, the Genetic Information Nondiscrimination Act, the New York State Human Rights Law, the New York Labor Law, the New York Civil Rights Law, the New York City Human Rights Law, all as amended, and with all of their respective implementing regulations, and any other federal, state, local, or foreign law (statutory, regulatory, or otherwise). Claims are covered by this Agreement regardless of whether they have already accrued or will accrue in the future.

4. <u>Claims Not Covered</u>. Notwithstanding anything to the contrary in Section 2 or Section 3 of this Agreement, this Agreement does not cover:

    (a)    claims for workers' compensation benefits; or

    (b)    claims for unemployment compensation benefits; or

    (c)    claims for sexual harassment or abuse or claims of discrimination that are based on the same facts and circumstances or otherwise related to excluded sexual harassment and abuse claims if any applicable federal, state, or local law prohibits mandatory arbitration of those claims; or

    (d)    whistleblower retaliation claims under the Sarbanes-Oxley Act (SOX) or the Dodd-Frank Act that cannot be arbitrated as a matter of law; or

whistleblower retaliation claims under Sarbanes-Oxley Act (SOX) that cannot be arbitrated as a matter of law and those claims under the Dodd-Frank Act that:

      (i)      are brought together or related to claims arising under SOX that cannot be arbitrated as a matter of law; and

      (ii)      arise out of or are related to the same facts and circumstances as SOX claims that cannot be arbitrated as a matter of law; or

      (e)      administrative charges for unfair labor practices brought before the National Labor Relations Board; or

      (f)      administrative charges brought before the Equal Employment Opportunity Commission, and The New York State Division of Human Rights and the New York City Commission on Human Rights, or other similar administrative agency; or

      (g)      any other claims that, as a matter of law, the Parties cannot agree to arbitrate.

Notwithstanding anything to the contrary in Section 2 or Section 3 of this Agreement, nothing in this Agreement prevents or shall be interpreted to mean that the Employee is precluded from filing charges or complaints with the National Labor Relations Board (NLRB), the Equal Employment Opportunity Commission (EEOC), the New York State Division of Human Rights (NYSDHR), the New York City Commission on Human Rights (NYCCHR), or any equivalent state or local agency, or testifying or participating in any proceedings before those administrative bodies.

5.      <u>Waiver of Class and Representative Action Claims</u>. Except as otherwise required under applicable law, Employee and Employer expressly intend and agree that:

      (a)      class and collective action procedures shall not be asserted and will not apply in any arbitration pursuant to this Agreement;

      (b)      each party will not assert class or collective claims against the other in court, in arbitration, or otherwise;

      (c)      each party shall only submit their own individual claims in arbitration and will not seek to represent the interests of any other person;

      (d)      any claims by the Employee will not be joined, consolidated, or heard together with the claims of any other employee without the mutual consent of the parties to the proceedings; and

      (e)      no decision or arbitral award determining an issue with a similarly situated employee shall have any preclusive effect in any arbitration between the Parties, and the

Arbitrator shall have no authority to give preclusive effect to the issues determined in any arbitration between the Employer and any other employee; and

(f) notwithstanding anything to the contrary in the AAA's Rules, and the general grant of authority to the arbitrator in paragraph 2 to determine issues of arbitrability, the arbitrator shall have no jurisdiction or authority:

(i) to compel any class or collective claim, consolidate different arbitration proceedings, or join any other party to an arbitration between Employer and Employee; or

(ii) to determine the enforceability or scope of the class and collective action waiver, which shall be determined by a court of competent jurisdiction; and

notwithstanding the severability provision in section 15 of this Agreement, if a court of competent jurisdiction/the AAA determines that the class and collective action waiver in this section is unenforceable, and either party has alleged any class or collective action claims, then this entire arbitration agreement shall be deemed null, void, and enforceable.

6. <u>Waiver of Trial by Jury</u>. The Parties understand and fully agree that by entering into this Agreement to arbitrate, they are giving up their constitutional right to have a trial by jury, and are giving up their normal rights of appeal following the rendering of the arbitrator's award except as applicable law provides for judicial review of arbitration proceedings.

7. <u>Claims Procedure</u>. Arbitration shall be initiated by the express written notice of either Party. The aggrieved party must give written notice of any claim to the other Party. Written notice of Employee's claim shall be mailed by certified or registered mail, return receipt requested, to Employer's then current address ("**Notice Address**"). Written notice of Employer's claim will be mailed to the last known address of Employee. The written notice shall identify and describe the nature of all claims asserted and the facts supporting the claims. Written notice of arbitration shall be initiated within the same time limitations that applicable federal and state law applies to those claim(s).

8. <u>Arbitrator Selection</u>. The Arbitrator shall be selected as provided in the AAA's Employment Rules.

9. <u>Discovery</u>. The AAA's Employment Rules regarding discovery shall apply to arbitration under this Agreement. To the extent not provided for in the AAA's Employment Rules, the Arbitrator has the power to order discovery upon a showing that discovery is necessary for a Party to have a fair opportunity to present a claim or defense. The Arbitrator shall have the authority to set deadlines for completion of discovery. The Arbitrator shall decide all discovery.

10. <u>Governing Law; Substantive Law</u>. This Agreement and any arbitration shall be governed by Article 75 of the New York Civil Practice Law and Rules. This Agreement and any arbitration shall be governed by the Federal Arbitration Act (FAA). The Arbitrator shall apply the substantive state or federal law [(including the applicable statute of limitations)] as applicable to the claim(s) asserted in arbitration. Claims arising under federal law shall be determined in

accordance with federal law. Common law claims shall be determined in accordance with New York substantive law, without regard to its conflict of law principles.

      **11.** <u>Compelling Arbitration/Enforcing Award</u>. Either party may ask a court to stay any court proceeding to compel arbitration under this Agreement, and to confirm, vacate, or enforce an arbitration award. Judgment on the award rendered by the arbitrator may be entered in any court of competent jurisdiction.

      *12.* <u>Arbitration Fees and Costs</u>. The Employer shall be responsible for the arbitrator's fees and arbitration expenses and any other costs unique to the arbitration hearing, except that the Employee shall be responsible for paying the initial filing fees as provided by the AAA's Employment Rules. Each Party shall pay its own deposition, witness, expert, and attorneys' fees and other expenses to the same extent as if the matter were being heard in court. However, if any Party prevails on a statutory claim that affords the prevailing party attorneys' fees and costs, or if there is a written agreement providing for attorneys' fees and costs to be awarded to the prevailing party, the Arbitrator may award reasonable attorneys' fees in accordance with the

applicable statute or written agreement. The Arbitrator shall resolve any dispute as to the reasonableness of any fees or costs awarded under this paragraph.

      13. <u>Term of Agreement; Modification in Writing</u>. This Agreement to arbitrate shall survive the termination of Employee's employment. It can only be revoked or modified in writing signed by both Parties that specifically states an intent to revoke or modify this Agreement and is signed by Employer's owner Savvas Tsiattalos.

      14. <u>Successors and Assigns</u>. Employer may freely assign this Agreement at any time. This Agreement shall inure to the benefit of Employer's successors and assigns.

      15. <u>Severability</u>. Except as otherwise provided in Section 5 of this Agreement, if any provision of this Agreement to arbitrate is adjudged to be void or otherwise unenforceable, in whole or in part, the void or unenforceable provision shall be severed and that adjudication shall not affect the validity of the remainder of this Agreement.

      16. <u>Voluntary Agreement</u>. By executing this Agreement, the Parties represent that they have been given the opportunity to fully review the terms of this Agreement. The Employee acknowledges and agrees that the Employee has had an opportunity to ask questions and consult with an attorney of the Employee's choice before signing this agreement. The Parties understand the terms of this Agreement and freely and voluntarily sign this Agreement. **EACH PARTY FULLY UNDERSTANDS AND AGREES THAT THEY ARE GIVING UP CERTAIN RIGHTS OTHERWISE AFFORDED TO THEM BY CIVIL COURT ACTIONS, INCLUDING BUT NOT LIMITED TO THE RIGHT TO A JURY OR COURT TRIAL AND THE RIGHT TO BRING ANY CLAIM AS A CLASS OR COLLECTIVE ACTION.**

[SIGNATURE PAGE FOLLOWS]

**IN WITNESS WHEREOF**, the parties hereto have executed this Agreement as of the date first above written.

GRAND GIFTS, INC.
By: _____
Name: SAVVAS TSIATTALOS
Title: Pres.

EMPLOYEE
Signature: _____
Print Name: ZURICH JIMENEZ

# Acuerdo mutuo para arbitrar disputas relacionadas con el empleo (NY)

Este Acuerdo Mutuo para Arbitraje de Disputas ("**Acuerdo**") se realiza y se celebra a partir de (la"**Fecha de entrada en vigor**") por y entre Grand Gifts, Inc., una corporación del Estado de Nueva York, incluyendo sus padres presentes y futuros, subsidiaias, afiliados, sucesores y cesionarios (colectivamente, el "**Empleador**") y un individuo (el "**Empleado**") (el Empleador y el Empleado").

    1. <u>Intención del Acuerdo</u>. La intención de las Partes es resolver todas las disputas, reclamos y cualquier otro asunto que surja de o esté relacionado con el empleo del Empleado por el Empleador o la terminación del empleo mediante arbitraje privado vinculante de acuerdo con las disposiciones de este Acuerdo. Las Partes entienden que al celebrar este Acuerdo, **EL EMPLEADO Y EL EMPLEADOR ESTÁN RENUNCIANDO AL DERECHO A UN JUICIO JURADO O A PRESENTAR UNA LEY EN EL TRIBUNAL CONTRA EL OTHER, Y EL DERECHO DE PRESENTAR UNA DEMANDA COLECTIVA O COLECTIVA CONTRA EL OTRO EN TRIBUNAL OEN ARBITRAJE,** con respecto a cualquier reclamación cubierta por este Acuerdo.

    2. <u>Arbitraje obligatorio</u>. A cambio de las promesas mutuas contenidas en este Acuerdo, y como condición de la continuación del empleo del Empleado con el Empleador, y para otra consideración del acuerdo, si la hubiera, el Empleador y el Empleado acuerdan que:

        (a) todas las **"Reclamaciones Cubiertas"** (como se define en la Sección 3 a continuación) se presentarán y resolverán mediante arbitraje final y vinculante que se llevará a cabo en Nueva York, Nueva York ante un solo árbitro y administrado por y de acuerdo con las Reglas de Empleo de la Asociación Americana de Arbitraje ("AAA") aplicables en el momento en que se inicieel arbitraje, excepto según lo modificado por este Acuerdo. Se adjunta una copia de la versión actual de dichas Reglas de Empleo como Prueba documental "A". Las Reglas pueden ser modificadas de vez en cuando y también están disponibles en línea en www.adr.org. El Empleado también puede llamar a la AAA al 212-484-3266 con cualquier pregunta sobre el proceso de arbitraje. Si las Reglas de la AAA son incompatibles con los términos de este Acuerdo, los términos de este Acuerdo regirán. Si la AAA no está disponible, las Partes acuerdan un arbitraje vinculante ante JAMS de conformidad con sus Reglas de Empleo;

        (b) el árbitro, y no cualquier tribunal o agencia federal, estatal o local, tendrá autoridad exclusiva para resolver cualquier disputa relacionada con la interpretación, aplicabilidad, formación o aplicabilidad de este Acuerdo, incluyendo pero no limitado a la arbitrabilidad de cualquier disputa entre las partes, excepto por una disputa relacionada con la aplicabilidad o el alcance de la renuncia en la Sección 5,que será determinada por un tribunal de jurisdicción competente;

        (c) la decisión del árbitro será definitiva y vinculante sólo para las Partes en este Acuerdo y las Partes acuerdan que los laudos que decidan cuestiones para los empleados de igualdad no tendrán ningún efecto preclusivo en ningún arbitraje entre las Partes; Y

        (d) el árbitro no tendrá facultad para conceder daños punitivos a ninguna de las partes, excepto cuando una ley aplicable permita daños punitivos.

    3. <u>Reclamaciones cubiertas</u>. Excepto según lo dispuesto en la Sección 4, las "Reclamaciones Cubiertas" en virtud de este Acuerdo incluirán todas las quejas, disputas, reclamos o causas de acción pasadas, actuales y futuras que de otro modo podrían presentarse en un tribunal o agencia estatal, o local bajo las leyes federales, estatales o locales aplicables, que surjan de o estén relacionadas con el empleo del Empleado con el Empleador, incluyendo reclamos que surjan de o relacionados con la contratación, contratación y terminación de empleo del Empleado, incluyendo reclamos que el Empleado pueda tener contra el Empleador o sus oficiales, directores, supervisores, gerentes, empleados o agentes en su calidad de tal o de otra manera, o que el Empleador pueda tener contra el Empleado. Las "Reclamaciones Cubiertas"incluyen, pero no se limitan a, reclamaciones por incumplimiento de cualquier contrato o convenio (expreso o implícito), reclamos de agravio, reclamos por salarios u otra compensación debida, reclamos por terminación injusta (constructiva o real), reclamos por discriminación, acoso o represalias (incluyendo, pero no limitado a, acoso o discriminación basada en la edad, raza, color, religión, credo, origen nacional, incluyendo ascendencia, etnia,

sexo incluyendo embarazo, género, identidad de género o expresión, incluyendo la condición de individuo transgénero, discapacidad física o mental, incluyendo disforia de género y condiciones similares relacionadas con el género, situación de alienage o ciudadanía, estado militar, incluyendo el servicio pasado, actual o prospectivo en los servicios uniformados, información genética, características genéticas predispuestas, estado civil, estado de víctima de violencia doméstica, estado familiar, orientación sexual, incluyendo , homosexualidad, bisexualidad y asexualidad, estado de desempleo, estado de cuidador, estado de asociación, historial de crédito o cualquier otro rasgo o característica protegida por la ley federal, estatal o local, reclamaciones por violación de cualquier ley, estatuto, reglamento u ordenanza federal, estatal, local u otra ordenanza gubernamental, incluyendo, pero no limitado a, todas las reclamaciones que surjan bajo el Título VII de la Ley de Derechos Civiles de 1964, la Ley de Estadounidenses con Discapacidades, la Ley de Licencia Familiar y Médica, la Ley de Normas Laborales Justas, la Ley de Igualdad Salarial, la Ley de Seguridad de Ingresos de Jubilación de los Empleados, la Ley de Derechos Civiles de 1991, la Sección 1981 de los Estados Unidos.C. Título 42, la Ley de Notificación de Ajuste y Reentrenamiento de Trabajadores, la Ley de Discriminación por Edad en el Empleo, la Ley de Informes de Crédito Justo, la Ley de Derechos Uniformes de Empleo y Reempleo , la Ley de No Discriminación de Información Genética, la Ley de Derechos Humanos del Estado de Nueva York, la Ley Laboral de Nueva York, la Ley de Derechos Civiles de Nueva York, la Ley de Derechos Humanos de la Ciudad de Nueva York, todas en su forma enmendada, y con todas sus respectivas regulaciones de aplicación, y cualquier otra ley federal, estatal, local o extranjera (estatutaria, reglamentaria o de otro tipo). Las reclamaciones están cubiertas por este Acuerdo, independientemente de si ya se han acumulado o se acumularán en el futuro.

4. Reclamaciones nocubiertas. Sin perjuicio de cualquier disposición en contrario en la Sección 2 o la Sección 3 de este Acuerdo, este Acuerdo no cubre:

(a) las reclamaciones por las prestaciones de compensación de los trabajadores;

(b) reclamaciones de beneficios de compensación por desempleo;

(c) reclamaciones por acoso o abuso sexual o reclamos de discriminación que se basen en los mismos hechos y circunstancias o que estén relacionadas de otro modo con reclamos de acoso y abuso sexual excluidos si alguna ley federal, estatal o local aplicable prohíbe el **arbitraje** obligatorio de esas reclamaciones;

(d) denunciantes de represalias en virtud de la Ley Sarbanes-Oxley (SOX) o la Ley Dodd-Frank que no pueden ser arbitradas como una cuestión de derecho;

reclamaciones de represalias de denunciantes en virtud de la Ley Sarbanes-Oxley (SOX) que no pueden ser arbitradas como una cuestión de ley y aquellas afirmaciones bajo la Ley Dodd-Frank que:

(i) se reúnen o se relacionan con reclamaciones derivadas de SOX que no pueden ser arbitradas como una cuestión de derecho; Y

(ii) surgen de o están relacionados con los mismos hechos y circunstancias que las afirmaciones SOX que no pueden ser arbitradas como una cuestión de derecho;

(e) cargos administrativos por prácticas laborales desleales presentadas ante la Junta Nacional de Relaciones Laborales;

(f) cargos administrativos presentados ante la Comisión de Igualdad de Oportunidades en el Empleo, y la División de Derechos Humanos del Estado de Nueva York y la Comisión de Derechos Humanos de la Ciudad de Nueva York, u otra agencia administrativa similar; o

(g) cualquier otra alegación que, como cuestión de ley, las Partes no pueden acordar arbitrar.

Sin perjuicio de cualquier disposición en contrario en la Sección 2 o la Sección 3 de este Acuerdo, nada de lo presente en este Acuerdo impide o se interpretará en el punto de que el Empleado no puede presentar cargos o quejas ante la Junta Nacional de Relaciones Laborales (NLRB), la Comisión de Igualdad de Oportunidades en el Empleo (EEOC), la División de Derechos Humanos del Estado de Nueva York (NYSDHR), la Comisión de Derechos Humanos de la Ciudad de Nueva York (NYCCHR), o cualquier agencia estatal o local equivalente, o testificar o participar en cualquier procedimiento ante esos órganos administrativos.

5. <u>Exención de Reclamaciones de Demanda Colectiva y Representativa</u>. Salvo que se exija lo contrario en virtud de la ley aplicable, el Empleado y el Empleador tienen expresamente la intención y acepta que:

(a) los procedimientos de acción colectiva y colectiva no se harán valer y no se aplicarán en ningún arbitraje de conformidad con este Acuerdo;

(b) cada parte no hará valer demandas colectivas o colectivas contra la otra en los tribunales, en arbitraje, o de otra manera;

(c) cada parte sólo presentará sus propias reclamaciones individuales en arbitraje y no buscará representar los intereses de ninguna otra persona;

(d) cualquier reclamación por parte del Empleado no se unirá, consolidará u o escuchará junto con las reclamaciones de cualquier otro empleado sin el consentimiento mutuo de las partes en el procedimiento; Y

(e) ninguna decisión o laudo arbitral que determine un problema con un empleado situado de manera similar tendrá ningún efecto preclusivo en cualquier arbitraje entre las Partes, y el árbitro no tendrá autoridad para dar efecto preclusivo a las cuestiones determinadas en cualquier arbitraje entre el empleador y cualquier otro empleado; y

(f) a pesar de todo lo contrario en las Reglas de la AAA, y la concesión general de autoridad al árbitro en el párrafo 2 para determinar cuestiones de arbitrabilidad, el árbitro no tendrá jurisdicción ni autoridad:

(i) para obligar a cualquier reclamo colectivo o de clase, consolidar diferentes procedimientos de arbitraje, o unirse a cualquier otra parte a un arbitraje entre el empleador y el empleado; O

(ii) determinar la aplicabilidad o el alcance de la renuncia a la demanda colectiva y colectiva, que será determinada por un tribunal de jurisdicción competente; Y

a pesar de la disposición de separabilidad en la sección 15 de este Acuerdo, si un tribunal de jurisdicción competente/la AAA determina que la renuncia a la demanda colectiva y colectiva en esta sección es inaplicable, y cualquiera de las partes ha alegado cualquier reclamo de acción colectiva o colectiva, entonces todo este acuerdo de arbitraje se considerará nulo, nulo y ejecutable.

6. <u>Renuncia al juicio por jurado</u>. Las Partes entienden y acuerdan plenamente que al celebrar este Acuerdo para arbitrar, están renunciando a su derecho constitucional a tener un juicio por jurado, y están renunciando a sus derechos normales de apelación después de la representación del laudo del árbitro, excepto cuando la ley aplicable previene la revisión judicial de los procedimientos de arbitraje.

7. <u>Procedimiento de reclamaciones</u>. El arbitraje se iniciará mediante la notificación expresa por escrito de cualquiera de las Partes. La parte agraviada debe dar aviso por escrito de cualquier reclamación a la otra Parte. La notificación por escrito de la reclamación del Empleado se enviará por correo certificado o registrado, recibo de devolución solicitado, a la dirección actual del empleador (**"Direccion denotificación"**). La notificación por escrito de la reclamación del empleador se enviará por correo a la última dirección conocida del Empleado. La notificación escrita identificará y describirá la naturaleza de todas las reclamaciones afirmadas y los hechos que respalden las reclamaciones. La notificación escrita de arbitraje se iniciará dentro del mismo plazo limitaciones que las leyes federales y estatales aplicables se aplican a esas reclamaciones.

8. <u>Selección deárbitros</u>. El árbitro será seleccionado según lo dispuesto en las Reglas de Empleo de la AAA.

9. <u>Descubrimiento</u>. Las Reglas de Empleo de la AAA con respecto al descubrimiento se aplicarán al arbitraje bajo este Acuerdo. En la medida en que no esté previsto en las Reglas de Empleo de la AAA, el árbitro tiene el poder de ordenar el descubrimiento al demostrar que el descubrimiento es necesario para que una Parte tenga una oportunidad justa de presentar una reclamación o defensa. El árbitro tendrá la autoridad para establecer plazos para la finalización del descubrimiento. El árbitro decidirá todo descubrimiento.

10. <u>Ley aplicable; Derecho sustantivo</u>. Este Acuerdo y cualquier arbitraje se regirán por el Artículo 75 de la Ley y Reglas de Práctica Civil de Nueva York. Este Acuerdo y cualquier arbitraje se regirán por la Ley Federal de Arbitraje (FAA). El árbitro aplicará la ley estatal o federal sustantiva [(incluyendo la ley de limitaciones aplicable)] según corresponda a la(s)

reclamación(es) afirmada en el arbitraje. Las reclamaciones que surjan en virtud de la ley federal se determinarán de acuerdo con la ley federal. Las reclamaciones de derecho común se determinarán de conformidad con el derecho sustantivo de Nueva York, sin tener en cuenta sus principios de conflicto de leyes.

11. <u>Arbitraje convincente /aplicación del premio</u>. Cualquiera de las partes puede pedir a un tribunal que permanezca en cualquier procedimiento judicial para obligar al arbitraje bajo este Acuerdo, y para confirmar, anular o hacer cumplir un laudo arbitral. El fallo sobre el laudo dictado por el árbitro puede ser presentado en cualquier tribunal de jurisdicción competente.

12. <u>Tasas y Costos de Arbitraje</u>. El empleador será responsable de los honorarios y gastos de arbitraje del árbitro y de cualquier otro costo exclusivo de la audiencia de arbitraje, excepto que el Empleado será responsable de pagar los honorarios de presentación inicial según lo dispuesto en las Reglas de Empleo de la AAA. Cada Parte pagará sus propias declaraciones, honorarios de testigos, expertos y abogados y otros gastos en la misma medida que si el asunto fuera escuchado en los tribunales. Sin embargo, si alguna Parte prevalece sobre una reclamación legal que otorga los honorarios y costos de los abogados de la parte prevaleciente, o si hay un acuerdo escrito que prefiera que los honorarios y costos de los abogados se otorgarán a la parte que prevalecerá, el árbitro puede otorgar honorarios razonables de abogados de acuerdo con la ley aplicable o acuerdo escrito. El árbitro resolverá cualquier disputa en cuanto a la razonabilidad de cualquier cargo o costo otorgado bajo este párrafo.

13. <u>Plazo del Acuerdo; Modificación en escritura</u>. Este Acuerdo de arbitraje sobrevivirá a la terminación del empleo del Empleado. Solo puede ser revocado o modificado por escrito firmado por ambas Partes que específicamente indique una intención de revocar o modificar este Acuerdo y esté firmado por el propietario del empleador Savvas Tsiattalos.

14. <u>Sucesores y asignaciones</u>. El empleador puede ceder libremente este Acuerdo en cualquier momento. Este Acuerdo redundará en beneficio de los sucesores y cesionarios del empleador.

15. <u>Divisibilidad</u>. Salvo disposición en contrario en la Sección 5 de este Acuerdo, si alguna disposición de este Acuerdo de arbitraje se juzga para ser nula o inaplicable, en su totalidad o en parte, la disposición nula o inaplicable se cortará y dicha adjudicación no afectará la validez del resto de este Acuerdo.

16. <u>Acuerdo voluntario</u>. Al ejecutar este Acuerdo, las Partes declaran que se les ha dado la oportunidad de revisar plenamente los términos de este Acuerdo. El Empleado reconoce y acepta que el Empleado ha tenido la oportunidad de hacer preguntas y consultar con un abogado de la elección del Empleado antes de firmar este acuerdo. Las Partes entienden los términos de este Acuerdo y firman libre y voluntariamente este Acuerdo. **CADA PARTE ENTIENDE Y ACEPTA TOTALMENTE QUE RENUNCIA A CIERTOS DERECHOS QUE SE LES OTORGAN POR ACCIONES DE TRIBUNAL CIVIL, INCLUYENDO, PERO NO LIMITADO AL DERECHO A UN JURADO O JUICIO DE TRIBUNAL Y EL DERECHO A PRESENTAR CUALQUIER RECLAMO COMO DEMANDA COLECTIVA O COLECTIVA.**

[SIGUE LA PÁGINA DE FIRMA]

**EN NINGUNAVEZ**, las partes han ejecutado este Acuerdo a partir de la fecha anterior escrita.

| | GRAND GIFTS, INC. |
|---|---|
| *Zurich Jimenez* | By: _(signature)_ <br> Nombre: _(signature)_ <br> Título: Pres. |
| Empleado | |
| Firma: _____ <br> Nombre de impresión: | |