**MANDELBAUM SALSBURG, P.C.**
**570 Lexington Avenue, 21st Floor**
**New York, NY 10022**
**Phone: (212) 776-1834**
**Attorneys for Defendants**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ZURICH CARLOTA JIMENEZ, individually and on behalf of others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GRAND GIFTS & CAFÉ INC. (d/b/a GRAND GIFT CAFE), and SAVVAS TSIATTALOS, <br><br> Defendants. | **Docket No.: 1:21-cv-07530** |

**BRIEF IN SUPPORT MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM OR, IN THE ALTERNATIVE, BASED UPON AN ARBITRATION AGREEMENT**

On the Brief:
Steven I. Adler, Esq.

# **TABLE OF CONTENTS**

|  |  | Page |
|---|---|---|
| TABLE OF CONTENTS | | i |
| TABLE OF AUTHORITIES | | ii |
| INTRODUCTION | | 1 |
| STATEMENT OF FACTS | | 2 |
| LEGAL ARGUMENT | | 3 |
| I. | PLAINTIFF'S FLSA CLAIM LACKS FACTUAL SUPPORT SUFFICIENT TO DRAW A REASONABLE INTERFERENCE THAT DEFENDANTS ARE LIABLE | 3 |
| II. | THE COMPLAINT FAILS TO PLEAD FACTS TO SUPPORT INDIVIDUAL, RETAIL OR ENTERPRISE COVERAGE UNDER THE FLSA | 4 |
| | A. There is No Individual Coverage | 4 |
| | B. Grand Gifts is Exempt from the FLSA as a Retail Establishment and There Also Is No Enterprise Coverage | 6 |
| III. | ALTERNATIVELY, THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF AGREED TO ARBITRATE HER CLAIMS | 9 |
| CONCLUSION | | 11 |

# TABLE OF AUTHORITIES

Cases

Alliance Bernstein Inv. Research & Mgmt, Inc. v. Schaffran, 445 F.3d 121 (2d Cir. 2006) ...................... 9
Ashcroft v. Iqbal, 556 U.S. 662 (2009) ............................................................................................... 3
AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643 (1986) ..................... 10
Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007) .................................................................................. 3
Boekemeier v. Fourth Universalist Soc. in City of New York, 86 F.Supp. 2d 280 (S.D.N.Y. 2000) ........ 4
Contec Corp. v. Remote Solution Co., Ltd., 398 F.3d 205 (2d Cir. 2005 ............................................... 10
Cortec Industries, Inc. v. Sum Holding, LP, (2d Cir. 1991) ................................................................... 2
Dean Witter Reynolds, Inc. and Byrd, 470 U.S. 213 (1985) .................................................................. 9
Divins v. Hazeltine Electronics Corp., 163 F.2d 100 (2d. Cir. 1947) ...................................................... 4
Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840 (2d Cir. 1987) ................................................... 9
Grant v. All Star Baby Safety, Inc., 2016 WL 3746565 (E.D.N.Y. July 5, 2016) ..................................... 8
International Audiotext Network, Inc. v. AT&T Co., 2 F.3d 69 (2d Cir. 1995) ......................................... 2
Jacobs v. New York Foundling Hosp., 577 F.3d 93 (2d Cir. 2009) ......................................................... 4
JLM Indust., Inc. v. Stolt-Nielsen SA, 387 F.3d 163 (2d Cir. 2004) ........................................................ 10
Li v. Zhao, 35 F. Supp. 3d 300, 308 (E.D.N.Y. 2014) .......................................................................... 5, 8
McLeod v. Threlkeld, 319 U.S. 491 (1943) ........................................................................................... 5
Mitchell v. C.W. Vollmer & Co., 349 U.S.427 (1955) .......................................................................... 5, 7
Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, (983) ............................................. 9
Phillips v. Walling, 324 U.S. 490 (1945) ............................................................................................... 7
Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967) ................................................... 10
Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, n. 8 (1985) ............................................. 4
Walker v. Interfaith Nutrition Network, Inc., 2015 WL 4276174 (E.D.N.Y. July 14, 2015) ..................... 5
Yupa v. Country Stone & Fence Corp., Civil Action No. 14-7384 (E.D.N.Y. Jan. 3, 2017) ..................... 5

Statutes

29 U.S.C. §201 ...................................................................................................................................... 1
29 U.S.C. §203 (b) ................................................................................................................................ 4
29 U.S.C. §203 (s)(1) ............................................................................................................................ 6
29 U.S.C. §206 (a)(1) ......................................................................................................................... 4, 6
29 U.S.C. §207(a)(1) ............................................................................................................................. 6
29 U.S.C. 255(a) ................................................................................................................................... 7
9 U.S.C. §2 ........................................................................................................................................... 9

Other Authorities

95 Cong. Rec. 12505, 12579, 14877; H. Rpt. No. 1453, 81st Cong., Session p. 25 .................................. 7

Rules

29 C.F.R. §779.266(b) ........................................................................................................................... 8
29 C.F.R. 779 ........................................................................................................................................ 7
29 CFR 779.23 ...................................................................................................................................... 7
Rule 12(b)(6) ...................................................................................................................................... 3, 6

4862-8757-6836, v. 3

**INTRODUCTION**

Plaintiff Zurich Jimenez ("**Plaintiff** or "**Jimenez**") has filed this action for alleged minimum wage violations and overtime pay under the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("**FLSA**") on behalf of herself and a collective, and supplemental state law claims under New York state law for overtime, spread of hours and alleged recordkeeping violations.

Defendant Grand Gifts, Inc. ("**Grand Gifts**" or the "**Company**") (improperly identified in the Complaint as Grand Gifts & Café) is entitled to a dismissal of the Complaint for failure to state a claim because Plaintiff was not engaged in "commerce" (see, Point I, infra), and, therefore, there is no "individual coverage" under the FLSA. See, Point II(A), infra.

Moreover, during the past three years (the maximum period under the FLSA's statute of limitations), or at any time for that matter, this retail establishment located at Bronx Care Hospital (the "**Hospital**") has never had anything near $250,000 in annual gross sales. Therefore, there is no "retail coverage". Even if combined with the other retail establishment owned by Defendant Savvas Tsiattalos ("**Tsiattalos**"), the alleged "enterprise" established by the two has less than $500,000 in total annual revenue for 2020 and will have less than $500,000 in total revenue for 2021. Therefore, there also is no "enterprise coverage" under the FLSA. See Point II(B), infra.

Finally, regardless of whether the FLSA applies, Plaintiff signed a binding agreement to arbitrate all claims against the Company and Tsiattalos (together, "**Defendants**"), its owner. See Point III, infra. Accordingly, Defendants respectfully request that the Complaint be dismissed.

## **STATEMENT OF FACTS**

In the interest of brevity, the Court is respectfully referred to the Complaint and the accompanying Certification of Tsiattalos ("**Tsiattalos Cert**.") and the Company's tax filings attached thereto,[1] for a full recitation of the facts.

---

[1] Although the tax returns are extrinsic evidence not attached to or directly referenced in the Complaint, they are integral to establishing enterprise and retail liability and, therefore, can be considered without converting the Rule 12(b)(6) motion to one for summary judgment. Cortec Industries, Inc. v. Sum Holding, LP, (2d Cir. 1991) (notice of extrinsic evidence that was integral to the complaint can be considered on a motion to dismiss). International Audiotext Network, Inc. v. AT&T Co., 2 F.3d 69, 72 (2d Cir. 1995) (reliance on a document's terms and effect confirms it is "integral" to the complaint). However, regardless of whether the motion is converted to summary judgment, the Complaint should be dismissed.

**LEGAL ARGUMENT**

**I.  PLAINTIFF'S FLSA CLAIM LACKS FACTUAL SUPPORT SUFFICIENT TO DRAW A REASONABLE INTERFERENCE THAT DEFENDANTS ARE LIABLE**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), a plaintiff must allege enough facts to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true but need not accept legal conclusions couched as factual allegations.  Iqbal, 556 U.S. at 678.  To overcome a Rule 12(b)(6) motion, a complaint should plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  A complaint, thus, is not sufficient if it merely contains "a formulaic recitation of the elements," or "naked assertions" devoid of factual enhancement.  Iqbal, 556 U.S. at 678.

Here, the Complaint fails under Iqbal.

## II. THE COMPLAINT FAILS TO PLEAD FACTS TO SUPPORT INDIVIDUAL, RETAIL OR ENTERPRISE COVERAGE UNDER THE FLSA

The FLSA's minimum wage and overtime pay requirements apply only to (1) an employer with "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce" (referred to as "individual coverage"), or (2) to an employer with employees "employed in an enterprise engaged in commerce or in the production of goods for commerce" (referred to as "enterprise coverage"). Jacobs v. New York Foundling Hosp., 577 F.3d 93, 97 (2d Cir. 2009), citing, Tony & Susan Alamo Found. v. Sec'y of Labor, 471 U.S. 290, 295 n. 8 (1985); See also 29 U.S.C. §206 (a)(1).[2] Enterprise coverage also requires that the retail "establishment" where plaintiff worked that forms part of the "enterprise" has at least $250,000 in gross annual sales volume.

Although individual or enterprise/retail coverage is enough to invoke FLSA protection, the plaintiff has the burden of establishing one or the other. Here, Plaintiff's pleading is factually deficient and she fails to establish either.

### A. There Is No Individual Coverage

Plaintiff fails to allege any facts to support individual coverage.

While the FLSA does not define "individual coverage," the Courts in this Circuit consider whether "a substantial part of the employee's work is related to interstate commerce." Boekemeier v. Fourth Universalist Soc. in City of New York, 86 F. Supp. 2d 280, 287 (S.D.N.Y. 2000) (quoting, Divins v. Hazeltine Electronics Corp., 163 F.2d 100, 103 (2d. Cir. 1947)). "The test … is not whether the employee's activities affect or indirectly relate to interstate commerce

---

[2] The FLSA defines "commerce" as "trade, commerce, transportation, transmission or communication among several states or between any state and any place outside thereof." 29 U.S.C. §203 (b).

but whether they are actually in or so closely related to the movement of the commerce as to be part of it". McLeod v. Threlkeld, 319 U.S. 491, 497 (1943). Her work must be so "directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." Mitchell v. C.W. Vollmer & Co., 349 U.S.427, 429 (1955). Activities that "simply affect or indirectly relate to interstate commerce" are insufficient to plead individual coverage. Li v. Zhao, 35 F. Supp. 3d 300, 308 (E.D.N.Y. 2014) (internal citation and quotation marks omitted).

Here, Plaintiff does not plead facts to support individual coverage. Plaintiff merely alleges that

> 30. [U]pon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the gift shop on a daily basis are goods produced outside of the State of New York.
>
> …
>
> 35. Plaintiff Jimenez regularly handled goods in interstate commerce, such as food and drinks and other supplies produced outside of the State of New York.

These allegations, even if true, are simply insufficient to establish individual coverage under the FLSA. Yupa v. Country Stone & Fence Corp., Civil Action No. 14-7384 (E.D.N.Y. Jan. 3, 2017) (that plaintiff "may have regularly worked with goods that originated from outside of New York does not qualify him as an employee engaged in commerce" since his work was confined to the Hamptons); McLeod v. Threlkeld, 319 U.S. 491, 494 (1943) ("[E]mployees who handle goods after acquisition by a merchant for general local disposition are not [engaged in commerce]"); Walker v. Interfaith Nutrition Network, Inc., 2015 WL 4276174, *4 (E.D.N.Y. July 14, 2015)

(routinely using and handling goods manufactured out of state insufficient to establish individual coverage).

In short, Plaintiff's job duties involved only local activity. See Certification of Savvas Tsiattalos (the "**Tsiattalos Cert.**") at para. 4-5. They were not "directly and vitally related to" interstate commerce. Thus, Plaintiff's threadbare allegations amount to a legally insufficient recitation of the elements of individual coverage, and nothing more, that cannot survive dismissal under Rule 12(b)(6). Iqbal, 556 U.S. at 678.

**B.  Grand Gifts is Exempt from the FLSA as a Retail Establishment and There Also Is No Enterprise Coverage**

Plaintiff also fails to plead that the Company does at least $250,000 in gross sales, 75% of which are not for resale, as required to satisfy the retail requirement. She also fails to allege any facts supporting enterprise coverage.

To allege enterprise coverage, Plaintiff must state facts that establish she was "employed in an enterprise engaged in commerce or in the production of goods for commerce." See 29 U.S.C. §§206(a)(1); and 207(a)(1). The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" as one that

> A(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or materials that have been moved or produced for commerce by any person; and
>
> (ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

29 U.S.C. §203 (s)(1).

In addition, even if there is enterprise coverage, there is no coverage under the FLSA if Plaintiff worked for a retail "establishment" that is part of an enterprise if that establishment has

6
4862-8757-6836, v. 3

not done $250,000 in gross sales. An "establishment" as a "distinct physical place of business rather than an entire business or enterprise" which may include several separate places of business. See, 29 CFR 779.23. This was recognized by Congress in enacting the amendatory legislation. Phillips v. Walling, 324 U.S. 490 (1945); Mitchell v. Bekins Van & Storage Co., 352 U.S. 1027 (1957). See also, 95 Cong. Rec. 12505, 12579, 14877; H. Rpt. No. 1453, 81st Cong., Session p. 25. The retail establishment must also have at least 75% of annual sales not for resale. See, 29 C.F.R. 779, subpart D. Finally, the retail exemption applies if the establishment has under $250,000 in annual sales even if the enterprise is covered by the FLSA. See 29 C.F.R. 779, subparts D & E.

Here, the Company has never done $250,000 in annual sales. (Tsiattalos Cert. ¶7). This has been the case for more than the three full calendar years from the time Plaintiff filed suit, in other words, for all of the time covered by the statute of limitations under 29 U.S.C. 255(a). (Id). Moreover, its two locations with the Hospital are distinct physical places of business from the coffee shop. (Id). Therefore, whether or not there is enterprise liability, and there is not as established below, there is no liability under the FLSA because Grand Gifts is a retail establishment with less than the annual revenues required for coverage.

As to "enterprise coverage", although Grand Gifts is clearly exempt under the retail exemption, Plaintiff's allegations also must satisfy the dollar-volume requirement of the second prong. As to the enterprise coverage claim, Plaintiff alleges:

> 29. In each year from 2015 to 2020, Defendants both separately and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated.

But this is nothing more than the rote recitation of the statute. The tax returns tell a different story and document that the gross volume of sales for 2020 was less than needed to establish enterprise

7
4862-8757-6836, v. 3

coverage and the revenues this year, even if Plaintiff could establish that the Gift Shop and coffee shop are an "enterprise", also will be well below the mandatory $500,000 in gross sales. (Tsiattalos Cert. ¶8).

The DOL regulations permit the use of records maintained for tax purposes for computing the annual dollar volume. See 29 C.F.R. §779.266(b); see also Li v. Zhao, 35 F. Supp. 3d at 306 (tax returns establish annual sales volume less than $500,000); Grant v. All Star Baby Safety, Inc., 2016 WL 3746565 (E.D.N.Y. July 5, 2016) (tax returns can be considered in determining whether the FLSA's $500,000 threshold has been met).

Plaintiffs fails to plead the prima facie evidence necessary to establish a claim for individual or enterprise coverage under the FLSA and ignores the requirement that she also must plead facts that the Grand Gifts, a retail establishment, had greater than $250,000 in gross annual sales. As a result, Plaintiff fails to plead a claim under the FLSA upon which relief can be granted. Moreover, as the tax returns make clear, allowing Plaintiff to amend would be futile. Therefore, the FLSA claims, and all state law supplemental claims, should be dismissed.

8
4862-8757-6836, v. 3

### III. ALTERNATIVELY, THE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF AGREED TO ARBITRATE HER CLAIMS

As established supra, the Complaint fails to state viable FLSA claims. Moreover, even if plaintiff could set forth sufficient facts in an amended pleading to support such claims, the lawsuit should be dismissed because the parties entered into a binding arbitration agreement.

"[T]he Federal Arbitration Act (the "FAA") creates a 'body of federal substantive law of arbitrability' applicable to arbitration agreements … affecting interstate commerce." Alliance Bernstein Inv. Research & Mgmt, Inc. v. Schaffran, 445 F.3d 121, 125 (2d Cir. 2006) (quoting, Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). Under Section 2 of the FAA, "a written provision in … a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2. "Section 2 is 'a congressional declaration of a liberal federal policy favoring arbitration agreements [.]" Genesco, Inc. v. T. Kakiuchi & Co., Ltd., 815 F.2d 840, 844 (2d Cir. 1987) (quoting, Moses H. Cone Mem'l Hosp., 460 U.S. at 24). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds, Inc. and Byrd, 470 U.S. 213, 218 (1985) (emphasis in original).

Here, there can be no dispute that the parties intended to arbitrate the very claims Plaintiff has filed. The Agreement clearly requires in paragraph 3 that "all claims under applicable federal, state or local laws arising out of or related to Employee's employment with Employer, including claims …the Employee may have against the Employer or its officers,

9

directors, supervisors, managers, employees or agents…" including "claims for breach of any contract…, claims for wages, or other compensation due"…"including all claims arising under…the FLSA" must be submitted to binding arbitration.  See, Tsiattalos Cert., Exhibit E.

While under the FAA, as interpreted by the Supreme Court, the general presumption is that arbitrability should be resolved by the courts, AT&T Technologies, Inc. v. Communications Workers of America, 475 U.S. 643, 649 (1986); accord Contec Corp. v. Remote Solution Co., Ltd., 398 F.3d 205, 208 (2d Cir. 2005), the issue of arbitrability should be referred to the arbitrator if there is clear and unmistakable evidence from the arbitration agreement that the parties intended it to be decided by the arbitrator.  Contec, 398 F.3d at 208.

Here, the language in the Agreement makes it clear and unmistakable that the parties intended the issue of arbitrability be decided by the arbitrator.  See Tsiattalos Cert., Agreement at para. 2(b).  Even if Plaintiff intends to challenge the validity of the Agreement as a whole, that too is for the arbitrator to decide.  Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967) (fraudulent inducement claim is for the arbitrator); and JLM Indust., Inc. v. Stolt-Nielsen SA, 387 F.3d 163, 170 (2d Cir. 2004) (issues concerning unconscionability and adhesion contracts are for the arbitrator to decide).  Therefore, whether or not Plaintiff has a viable FLSA claim, the case should be dismissed in favor of arbitration.

4862-8757-6836, v. 3

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that their motion to dismiss be granted for failure to state an FLSA claim or, in the alternative, in favor of arbitration.

                                                Respectfully submitted,

                                                MANDELBAUM SALSBURG, P.C.
                                                Attorneys for Defendants


                                        By:    */s/ Lauren X. Topelsohn*
                                                       Lauren X. Topelsohn, Esq.

Dated: December 2, 2021